UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MARCEA SENDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00281 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| SAFEWAY, INC., | ) | [Re: Motion at docket 41] |
| | ) | |
| Defendant. | ) | |

### I.  MOTION PRESENTED

At docket 41, defendant Safeway, Inc. ("defendant" or "Safeway") moves *in limine* to exclude the testimony of plaintiff's treating physician, plaintiff's first and second supplemental disclosures, and evidence of past or future wage loss. Plaintiff Marcea Senden ("plaintiff" or "Senden") opposes the motion at docket 51. No reply was filed. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Senden alleges that she slipped and fell while shopping at a Safeway store on Huffman Road in Anchorage, Alaska. She maintains that she suffered a serious shoulder injury and that the injury was amplified because she was recovering from rotator cuff surgery at the time of the fall. Senden has asserted a claim for negligence against Safeway.

## III. DISCUSSION

### A. Plaintiff's Treating Physician

Defendant argues that the testimony of Dr. Gieringer should be excluded because plaintiff "did not disclose [his] expert opinion testimony in summary form" and therefore Rules 16(f) and 26(a)(2) support exclusion.[1] Rule 26(a)(2)(B) applies to a "witness . . . retained or specially employed to provide expert testimony in the case."[2] Dr. Gieringer is plaintiff's treating physician and was not retained or specially employed to provide expert testimony. The Ninth Circuit has held "that a treating physician is . . . exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."[3] Dr. Gieringer may testify as to his opinions formed during the course of his treatment of plaintiff.

### B. Plaintiff's Supplemental Disclosures

Safeway argues that plaintiff's supplemental disclosures "were received after discovery closed, which is prejudicial to Safeway."[4] According to stamps on the documents, defendant's counsel received the supplemental disclosures on April 10 and April 23, 2012. Discovery closed on February 6, 2012[5] and was extended for the limited

---

[1] Doc. 41 at 2.

[2] Fed. R. Civ. P. 26(a)(2)(B).

[3] *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

[4] Doc. 41 at 2.

[5] Doc. 12

-2-

purpose of conducting two depositions.[6]  The original scheduling order required disclosures to be supplemented "[a]s new information is acquired, but not later than 60 days before the close of discovery."[7]  The order extending discovery explicitly stated that it did "not authorize any other discovery."[8]

Federal Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."[9]  Plaintiff has not demonstrated that her failure to provide the information earlier was substantially justified or harmless.  Rule 16(f)(1)(C) also authorizes a court to impose sanctions for failure to obey a scheduling order.[10]  Exclusion is an appropriate sanction.[11]

**C. Evidence of Lost Wages**

Defendant seeks to exclude evidence of plaintiff's past or future wage loss. Plaintiff represents that she is not seeking lost wages.[12]

## IV.  CONCLUSION

For the reasons above, defendant's motion *in limine* at docket 41 is **GRANTED** in part and **DENIED** in part as follows:

1) It is denied with respect to the opinions of Dr. Gieringer formed during the course of treatment.

2) It is granted with respect to the items in plaintiff's first and second supplemental disclosures.  Those items will not be admitted into evidence.

---

[6]Doc. 28.

[7]Doc. 12 at 3.

[8]Doc. 28.

[9]Fed. R. Civ. P. 37(c)(1).

[10]Fed. R. Civ. P. 16(f)(1)(C).

[11]Fed. R. Civ. P. 37(b)(2)(A)(ii).

[12]Doc. 51 at 8.

-3-

3) It is denied as moot with respect to evidence of lost wages.

DATED this 30th day of May 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE